UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH D. WARD F/K/A          )
DEBORAH D. WILLIAMS,          )
                              )
            Plaintiff          )
                              )      **04-10730RWZ**
                              )
V.                            )      C.A. NO. _____
                              )
UNITED STATES OF AMERICA,     )      MAGISTRATE JUDGE _Alexander_
                              )      RECEIPT # _55143_
            Defendant          )      AMOUNT $ _120_
                              )      SUMMONS ISSUED ___4___
                              )      LOCAL RULE 4.1 _____
                                     WAIVER FORM _____
            **COMPLAINT**             MCF ISSUED _____
                                     BY DPTY. CLK. _____
                                     DATE _____

1.   This is an action arising under the Federal Tort Claims Act, 28 USCA §2671 et seq. This

     Court is vested with jurisdiction pursuant to Section 1346(b), Title 28 of the United States

     Code.

2.   The Plaintiff, Deborah D. Ward f/k/a Deborah D. Williams, is a citizen and resides at 190

     Longmeadow Drive, Holbrook, Norfolk County, Massachusetts, and the cause of action

     on which this action is based arose in that county.  Thus, venue is properly laid in this

     court.

3.   On or about June 12, 2002, the Plaintiff had backed out of a parking space in the parking

     lot at 100 Newport Avenue Extension in Quincy, Norfolk County, Massachusetts, and

     was about to put her motor vehicle in drive in order to proceed forward when a United

     States postal truck operated by Joseph F. Curran, rammed into the left rear of the

     Plaintiff's motor vehicle.

4.   At the time of this accident, Joseph F. Curran was an employee of the United States

     Government [United States Postal Service], and was acting within the course and scope of

that employment.

5.   Joseph F. Curran was negligent in failing to keep a proper lookout and in failing to take, or attempt to take, reasonable avoidance action; and he otherwise failed to act prudently under the circumstances.  Joseph F. Curran's negligence was the proximate cause of the collision, and such negligence is imputed to the Defendant.

6.   In addition to various other severe and permanent injuries, the Plaintiff, in the collision, injured her neck, back, right index finger and left leg and suffered from headaches.

7.   As a direct and proximate result of the negligence of the Defendant, its servant, agent or employee, the Plaintiff was caused to sustain severe and permanent personal injuries, was caused to incur rental expenses, was caused to be disabled and will be disabled in the future, was caused and will be caused great pain of body and mind, has been caused to incur and will continue to incur great pain of body and mind, has been caused to incur and will continue to incur great medical and hospital expenses for said injuries, and has been caused to lose time and income from her regular employment.  Plaintiff's ability to enjoy life and earn income and attend to her usual activities has been greatly damaged and she is permanently disabled.

8.   The Plaintiff further alleges that her reasonable and necessary medical expenses amount to four thousand seven hundred forty-seven dollars and thirty-one cents ($4747.31).

9.   On September 19, 2003, the plaintiff submitted her claim in the amount of twenty-thousand ($20,000.00) dollars to the Untied States Postal Service.

10.  By March 19, 2004, the United States Postal Service had neither accepted nor rejected the claim, and, pursuant to 28 USCA §2675(a), the Plaintiff elects to consider the failure to act as a final denial of the claim.

WHEREFORE, the Plaintiff requests judgment against the Defendant, United States of America, as follows:

1.   Damages in the amount of twenty thousand ($20,000.00) dollars for past and future medical expenses, lost wages, rental expenses, loss of future wages, and pain and suffering.

2.   Plaintiff's costs in this action.

3.   Such other relief as the Court may deem just and proper.

DATED:   April 12, 2004

Elizabeth A. Di Loreto   BBO#: 124740
Di Loreto & Di Loreto
582 Washington Street
Dorchester, MA 02124
(617) 265-5888
Attorney for the Plaintiff