IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAMS-WARD, DEBORAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04-10730 RWZ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW Defendant, United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher Alberto, Assistant United States Attorney for said District, and answers Plaintiff's Complaint as follows:

    1. Paragraph 1 states a legal conclusion to which no response is necessary.

    2. Defendant admits that the accident alleged in Plaintiff's Complaint occurred in Norfolk County, Massachusetts. The last sentence of Paragraph 2 states a legal conclusion to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2, and therefore, denies the same.

    3. Defendant admits that on or about June 12, 2002, Plaintiff backed out of a parking space in the parking lot at 100 Newport Avenue Extension in Quincy, Norfolk County, Massachusetts. Defendant admits that a United States postal truck operated by Joseph

F. Curran ("Curran") struck the left rear of Plaintiff's vehicle after she backed out directly in front of him without any warning. Defendant denies that the postal vehicle operated by Curran "rammed" Plaintiff's motor vehicle. Except as expressly admitted or denied herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and therefore, denies the same.

    4. Defendant admits the allegations contained in Paragraph 4.

    5. Defendant denies the allegations contained in Paragraph 5.

    6. Defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 6, and therefore, denies the same.

    7. Defendant denies the allegations contained in Paragraph 7.

    8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore, denies the same.

    9. Defendant admits that on or about September 25, 2003, the United States Postal Service received Plaintiff's claim in the amount of $20,000.00. Except as expressly admitted herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore, denies the same.

10. Defendant admits that the United States Postal Service did not make a final disposition of the claim on or before March 19, 2004. Except as expressly admitted herein, the remainder of Paragraph 10 states a legal conclusion to which no response is necessary.

**Affirmative Defenses**

1	Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2.	Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's administrative claim presented to the United States Postal Service.

3.	Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4.	Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

5.	Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's own negligence, carelessness or recklessness.

6.	Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident. Further, Plaintiff is prohibited from

recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

    7.    Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States Postal Service.

    8.    Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint, for its costs incurred herein, and for such further relief as is just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Christopher Alberto
Christopher Alberto
Assistant U.S. Attorney
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3346

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was mailed this 10th day of June, 2004, to, Elizabeth A. DiLoreto, Esq., DiLoreto & DiLoreto, 582 Washington Street, Dorchester, MA 02124, Attorneys for Plaintiff.

/s/ Christopher Alberto